# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

JOHNNY M. YOUNG, # 090679,　　　　:

　　Plaintiff,　　　　　　　　　　　:

vs.　　　　　　　　　　　　　　　　:　　CIVIL ACTION 19-1114-KD-N

GOVERNOR KAY IVEY, *et al.*,　　　:

　　Defendants.　　　　　　　　　　:

## REPORT AND RECOMMENDATION

Plaintiff Johnny Young, an Alabama prison inmate proceeding *pro se* and *in forma pauperis,* filed an action under 42 U.S.C. § 1983, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review of the complaint (Doc. 1), it is recommended that this action be dismissed without prejudice, prior to service of process, as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.　Legal Standards for Screening a Complaint for Maliciousness.**

Because Young sought leave to proceed *in forma pauperis* by filing his Motion to Proceed Without Prepayment Fees, the Court is required to screen his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). This section requires the dismissal of a prisoner action if it is determined that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff

affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process warranting dismissal without prejudice as malicious.  See *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting as a strike under 28 U.S.C. § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215-17, 127 S.Ct. 910, 920, 166 L.Ed.2d 798 (2007); *see also, e.g., Schmidt v. Navarro*, 576 F. App'x 897, 898-99 (11th Cir. 2014) (unpublished)[1] (affirming the finding that the action was malicious because the plaintiff abused the judicial process when he failed to disclose the existence of two prior federal actions in his complaint signed under penalty of perjury); *Sears v. Haas,* 509 F. App'x 935, 935–36 (11th Cir. 2013) (unpublished) (finding an action's dismissal without prejudice as malicious for an abuse of judicial process was warranted where, in a complaint signed under penalty of perjury, the inmate failed to disclose a case filed just five months before and another case filed six years earlier); *Harris v. Warden*, 498 F. App'x 962, 964 (11th Cir. 2012) (unpublished) (dismissing without prejudice an action for abuse of process when the inmate failed to disclose the type of cases the complaint form required him to disclose); *Jackson v. Florida Dep't of Corr.*, 491 F. App'x 129, 131-32 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of an inmate's action as malicious because he abused the judicial process when under penalty of perjury he avowed on the complaint

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

2

form that he had no action dismissed prior to service process even though he had one), *cert. denied*, 569 U.S. 960 (2013); *Redmon v. Lake Cty. Sheriff's Office*, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action that was found to be abusive when he filed a complaint signed under penalty of perjury and did not disclose a prior lawsuit relating to his imprisonment or conditions of imprisonment when the complaint form asked for disclosure of such lawsuits); *Shelton v. Rohrs*, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions); *Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir.) (unpublished) (relying, on *Rivera*, the Eleventh Circuit affirmed the determination of an abuse of the judicial process and the issuance of a strike when the prisoner had listed only two prior cases even though he filed two other federal cases within the preceding month), *cert. denied*, 562 U.S. 1013 (2010).

When an action is dismissed without prejudice as malicious, the Court must consider whether the action may be re-filed. *See Schmidt*, 576 F. App'x at 899 (affirming the dismissal without prejudice of an action as malicious for the plaintiff's failure to advise of prior lawsuits, because the complaint could be re-filed as the statute of limitations had not expired). When the statute of limitations has expired, a dismissal without prejudice is tantamount to a dismissal with prejudice because a plaintiff is unable to re-file a viable action, and the court should then consider lesser sanctions. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014) (unpublished); *Hines v.*

*Thomas*, 604 F. App'x 796, 800 (11th Cir. 2015) (unpublished). In Alabama, the statute of limitations for filing a § 1983 action is two years. *Lufkin v. McCallum,* 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied,* 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).

## II. Analysis.

In the present action, the complaint form asked Young whether he had filed lawsuits, in state or federal court, dealing with the same or similar facts or relating to his imprisonment. (Doc. 1 at 2, PageID.2.). He responded with "yes" to both of the complaint form's questions. (*Id.*). The form then asked him to describe each lawsuit in the space provided below, which contained questions, and if there was more than one lawsuit, he was instructed to describe them on an additional piece of paper using the same outline. (*Id.*). Young listed one case, *Young v. Ivey and Dunn*, CA-18-18 (Escambia Cty Cir. Ct.), in which he was denied leave to proceed *in forma pauperis*. (*Id.*). No other cases were listed by Young. He then proceeded to sign his complaint under penalty of perjury. (*Id.* at 9, PageID.9).

The Court, in screening the complaint under 28 U.S.C. § 1915(e)(2)(B), discovered in its examination of PACER (Public Access to Court Electronic Records)[2] that Young did not advise the Court of his other previously filed, non-habeas actions concerning his imprisonment, namely, *Young v. Officer Smiley,* CA No. 86-0976-C (S.D. Ala. 1986) (docket unavailable due to age); *Young v. Billy Mitchem*, CA No. 99-0579-SLB (N.D. Ala. 2000); *Young v. Donal Campbell,* CA No. 05-1415-IPJ-PWG (N.D. Ala. 2006) (dismissed pursuant to 28 U.S.C. § 1915A(b)); *Young v. Warden Charlie E.*

---

[2] The Court takes judicial notice of the U.S. Party/Case Index, PACER Service Center, available at *http://pacer.psc.uscourts.gov*. *Grandinetti v. Clinton*, No. 2:07-CV-275-WHA(WO), 2007 WL 1624817, at *1 (M.D. Ala. 2007).

4

*Jones,* CA No. 89-0270-DHT-C (S.D. Ala. 1992) ($1,500 judgment for plaintiff affirmed); *Young v. E.L. Harrelson,* CA No. 90-0281-TMH-VPM (M.D. Ala. 1994); *Young v. Fob James,* CA No. 95-0924-ID-VPM (M.D. Ala. 1995); *Young v. E.L. Harrelson*, CA No. 95-1367-MHT-VPM (M.D. Ala. 1995) (dismissed pursuant to 28 U.S.C. § 1915(d)); *Young v. Donal Campbell,* CA No. 05-0457-MEF-DRB (M.D. Ala. 2005) (transfer to N.D. Ala.); *Young v. Morris Thigpen*, CA No. 90-0507-CB-S (S.D. Ala. 1993); *Young v. Morris Thigpen,* CA No. 91-0615-AH-S (S.D. Ala.1992) (voluntary motion to dismiss); *Young v. Joe Raine*, CA No. 93-0718-P-M (S.D. Ala. 1994); *Young v. R.L. Mothershed,* CA No. 93-0887-BH-S (S.D. Ala. 1997); *Young v. Charlie Bodiford,* CA No. 97-0237-BH-M (S.D. Ala. 1998); *Young v. Willie E. Johnson,* CA No. 88-0139-M (S.D. Ala. 1988) (docket unavailable due to age).

After discovering and reviewing these prior actions, the Court concludes that Young did not provide the information requested by the complaint form about his prior actions. (Doc. 1 at 2, PageID.2). Therefore, when he filed the present complaint on October 3, 2018, he knowingly chose not to list all his prior actions, and then he signed his complaint under penalty of perjury. (*Id.* at 9, PageID.9).

The Court's complaint form requests information about prior actions from a prisoner plaintiff to assist it in determining if the prisoner is barred under 28 U.S.C. § 1915(g) (the "three-strikes" rule), if the action is connected to another action, and if the plaintiff is familiar with litigating his claims. *See Doctor v. Nichols*, 2015 WL 5546397, at *3 (N.D. Fla. 2015) (unpublished). When the prisoner fails to provide information about all his prior actions on the complaint form, the Court is deprived of this knowledge to assist it in handling the prisoner's action, which causes the Court to expend more

5

resources and time. (*Id.*).

Moreover, the judicial system is structured so that when a plaintiff files a civil action, he certifies to the court that his signed pleading, filing, or other paper "to the best of [his] knowledge, information and belief, formed after an inquiry . . . is not being presented for any improper purpose . . . and the factual contentions have evidentiary support. . . ." FED.R.CIV.P. 11(a) & (b)(1) & (2). The purpose of Rule 11 is to impress on the signer his personal responsibility of validating "the truth and legal reasonableness of the document" he is filing, which assists in conserving the court system's resources and in avoiding unnecessary proceedings. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.,* 498 U.S. 533, 543, 547, 111 S.Ct. 922, 929, 931, 112 L.Ed.2d 1140 (1991).

Because Young was not truthful in his complaint about his prior litigation, his action is subject to being dismissed as malicious for abusing the judicial process. The only reason the undersigned would not recommend this action's dismissal without prejudice is if the present action could not be re-filed because the two-year statute of limitations for § 1983 actions in Alabama had expired.

An examination of the complaint's allegation reflects that Young named as Defendants, Governor Kay Ivey, Alabama Department of Corrections (ADOC) Commissioner Jeff Dunn, and Holman Correctional Facility (Holman) Warden Cynthia Stewart for conditions at Holman that began on June 6, 2018, when he was transferred to Holman, and continued until he filed his complaint. (*Id.* at 7, PageID.7). Young's chief concerns were Holman's prisoner overcrowding, officer shortage, and resulting violence, with reference also being made to Defendants' failure to comply with the

6

"Middle District Federal Court . . . order[ing] Defendants to remedy the federal rights violations[.]" (*Id.* at 6, PageID.6). Young also briefly complained that Holman's law library was inadequate. (*Id.* at 8, PageID. 8). For relief, Young sought a three-judge panel to adjudicate his case and an order for an "adequate law library with access to [a] toilet." (*Id.* at 9, PageID.9). The present action was filed while Young was incarcerated at Holman. Subsequently, he has been transferred to St. Clair. (Doc. 9, notice of change of address).

Considering that Young's claims began on June 6, 2018, when he was transferred to Holman, (*id.* at 7, PageID.7), he will be able to re-file his action before the two-year statute of limitations expires if he elects to do so. Because this action can be re-filed, this action is due to be dismissed without prejudice as malicious. The undersigned observes that Young's request for injunctive relief that was directed specifically to Holman, i.e., an adequate law library with access to a toilet, became moot upon his transfer away from the condition about which he complained. *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir.), *cert. denied*, 488 U.S. 1046, (1989).

### III. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it is malicious.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific

written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this   19th   day of March, 2020.

/s/ KATHERINE P. NELSON
**UNITED STATES MAGISTRATE JUDGE**